IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRIS GRINDLING, | ) CIVIL NO. 19-00427 JAO-KJM |
|---|---|
| Plaintiff, | ) ORDER (1) DISMISSING COMPLAINT; <br> ) (2) GRANTING IFP REQUEST; AND |
| vs. | ) (3) DENYING AS MOOT MOTION FOR <br> ) CIVIL SCREENING AND SERVICE |
| COUNTY OF MAUI; DOE POLICE <br> OFFICERS; DOE PROSECUTORS, | ) |
| Defendants. | ) |

ORDER (1) DISMISSING COMPLAINT; (2) GRANTING IFP REQUEST; AND (3) DENYING AS MOOT MOTION FOR CIVIL SCREENING AND SERVICE

Before the Court is Plaintiff Chris Grindling's ("Plaintiff") (1) request to proceed in forma pauperis ("IFP Request"), filed August 9, 2019, and (2) Motion for Civil Screening and Service, filed August 19, 2019. For the reasons set forth below, the Court DISMISSES the Complaint, GRANTS the IFP Request, and DENIES AS MOOT the Motion for Civil Screening.

BACKGROUND

In this 42 U.S.C. § 1983 action, Plaintiff alleges that Defendants violated his First, Thirteenth, and Fourteenth Amendment rights. Compl. at 4. Specifically, Plaintiff claims that he was starved and arrested and "was placed under constant threat of hundreds of years in prison subjected to repeated drug tests

while on [b]ail." *Id.* These allegations are identical to those asserted in a previously filed action: *Grindling v. County of Maui*, Civil No. 18-00235 JMS-RLP.

DISCUSSION

A. Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)

Plaintiff requests leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state

2

the elements of the claim plainly and succinctly. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In the present case, even construing Plaintiff's Complaint liberally, *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted. Plaintiff asserts, in conclusory fashion, that Defendants violated his First Thirteen, and Fourteenth Amendment rights. Section 1983 states:

3

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Substantive rights are not created by this provision; "rather it is the vehicle by whereby plaintiffs can challenge actions by governmental officials." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 978 (9th Cir. 2004) (citation and quotations omitted). "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted).

Here, the Complaint is devoid of facts to support Plaintiff's legal claims. While Plaintiff alleges violations of his Constitutional rights under the First, Thirteen, and Fourteenth Amendments, he has not stated how Defendants violated those rights. Accordingly, the Court DISMISSES these claims. Allegations pertaining to the Thirteenth Amendment are dismissed without leave to amend because the Thirteenth Amendment is irrelevant; it prohibits any state laws establishing or upholding slavery and is " an absolute declaration that slavery or involuntary servitude shall not exist in any part of the United States." *City of*

*Memphis v. Greene*, 451 U.S. 100, 120 (1981) (citation omitted). Although Plaintiff's limited and incoherent allegations do not implicate the First Amendment nor adequately identify the basis for a violation of the Fourteenth Amendment, the Court dismisses those claims with leave to amend.

Plaintiff also names Doe Police Officers and Doe Prosecutors as Defendants. The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties but FRCP 10 requires a plaintiff to include the names of all parties in his complaint. Fed. R. Civ. P. 10(a). Doe defendants are generally disfavored, however, because it is effectively impossible for the United States Marshal to serve an anonymous defendant.

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights. A plaintiff may then use the discovery process to obtain the names of doe defendants and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover the identities, or that the complaint will be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Plaintiff has not presented a single allegation explaining how each Doe Police Officer and Doe Prosecutor violated his rights. Therefore, the Court

DISMISSES the Doe Defendants. Because it is possible amendment could cure this defect, Plaintiff is granted leave to amend. Any allegations must specifically identify each Doe Defendant's conduct and explain how such conduct violated Plaintiff's rights under the applicable law. Any claims asserted against Doe Prosecutors for "actions taken in preparation of filing criminal charges, as well as initiating and pursuing criminal charges against Plaintiff" are prohibited based on prosecutorial immunity. Claims of this nature were dismissed without leave to amend in Civil No. 18-00235 JMS-RLP. Civil No. 18-00235 JMS-RLP, ECF No. 5 at 8-9.

Another obvious deficiency is Plaintiff's failure to provide pertinent dates other than the period 2015-2018, during which he alleges he was starved.[1] There is no information about who starved Plaintiff or whether he was in custody at the time. Plaintiff's prior action contained greater detail and provided some context for his allegations yet was still found to be deficient. Plaintiff has so oversimplified his allegations that it is impossible to discern how Defendants harmed him and when. Based on the present record and prior lawsuits asserting the same claims, it appears that statute of limitations issues might exist.

---

[1] Plaintiff raised this allegation in Civil No. 18-00235 JMS-RLP and in *Grindling v. Shibao*, Civil No. 16-00426 DKW-RLP. In Civil No. 18-00235 JMS-RLP, Chief Judge Seabright provided relevant standards and explained what steps Plaintiff had to take to cure the deficiencies therein.

In light of the Complaint's deficiencies and failure to state a claim upon which relief can be granted, it is hereby dismissed. Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts.").

Notwithstanding the foregoing deficiencies, the Court acknowledges that Plaintiff is proceeding pro se and it is possible that certain deficiencies could be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice and grants Plaintiff leave to amend his Complaint, except as prohibited above. Any amended complaint—which should be titled "First Amended Complaint"—must be filed by **September 27, 2019** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should

7

comply with all rules governing pleadings. Failure to timely file an amended pleading will result in the automatic dismissal of this action.

B. <u>IFP Request</u>

Plaintiff submitted his IFP Request in a paragraph within his Complaint. In the future, Plaintiff will be expected to utilize the Court's form application.

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

Plaintiff's representation that he owns nothing of value, he is unemployed, he has no source of income, and he has $200.00 in a savings account sufficiently demonstrates entitlement to proceed in forma pauperis. The Court therefore GRANTS his IFP Request.

C.  <u>Motion for Civil Screening and Service</u>

Finally, Plaintiff requests that the Court screen his Complaint.  Because an IFP Request accompanied the Complaint, the Court automatically screened the Complaint.  Therefore, the Motion is DENIED as moot.

## CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend, except as to Plaintiff's Thirteen Amendment claims and allegations concerning conduct that is protected by prosecutorial immunity; (2) GRANTS Plaintiff's IFP Request; and (3) DENIES AS MOOT Plaintiff's Motion for Civil Screening as Service.

If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **September 27, 2019**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3) Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, August 27, 2019.



Jill A. Otake
United States District Judge

CIVIL NO. 19-00427 JAO-KJM; *Grindling v. County of Maui, et al.*; ORDER (1) DISMISSING COMPLAINT; (2) GRANTING IFP REQUEST; AND (3) DENYING AS MOOT MOTION FOR CIVIL SCREENING AND SERVICE